IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO MOUZON, | No. C 07-4070 MMC (PR) |
| Petitioner, | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| BEN MCLAIN, Executive Director, | **(Docket No. 3)** |
| Respondent. | |

On August 8, 2007, petitioner, a civil detainee confined at Coalinga State Hospital and awaiting civil commitment proceedings, filed the above-titled petition for a writ of habeas corpus.[1] Petitioner is proceeding pro se and has applied for leave to proceed in forma pauperis.

According to the allegations in the petition, on August 21, 2006, the State of California filed a petition to begin civil commitment proceedings against petitioner pursuant to California's Sexually Violent Predators Act ("SVPA"). See Cal. Welfare & Inst. Code ("WIC") §§ 6600, et seq. Thereafter, a probable cause hearing was held on the petition in

---

[1] Petitioner filed his petition on a form for petitions brought pursuant to 28 U.S.C. § 2254, which statute provides habeas corpus jurisdiction over persons held in custody pursuant to the judgment of a state court. See 28 U.S.C. § 2254(a). On August 28, 2007, petitioner filed additional facts and argument in support of the petition; in such additional filing he makes clear that because he is not in custody pursuant to a state court judgment, he is bringing his petition under 28 U.S.C. § 2241(c)(3), which provides habeas corpus jurisdiction over any person held in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2241(c)(3).

Alameda County Superior Court.  On November 3, 2006, the superior court found probable cause existed to hold petitioner for civil commitment proceedings under the SVPA. The California Court of Appeal summarily denied petitioner's challenge to the probable cause determination, and the California Supreme Court denied review.  Petitioner then filed the instant petition, in which he claims the probable cause determination violated his federal constitutional right to due process because the superior court wrongly found a 1983 Florida conviction could be used as proof of one of the two prior sexually violent offenses required to qualify petitioner as a sexually violent predator under the SVPA.  See WIC § 6600(a)(2).

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  See Younger v. Harris, 401 U.S. 37, 43-46 (1971); see also Carden v. Montana, 626 F.2d 82, 84 (9th Cir.1980) (applying Younger to habeas petition challenging state pretrial proceedings).  The policies underlying Younger abstention are fully applicable to noncriminal judicial proceedings when important state interests are involved, and when the state proceedings afford an adequate opportunity to raise constitutional claims. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); id. at 434-37 (finding Younger abstention applicable to state bar disciplinary proceedings where important state interest of regulating attorney conduct involved, constitutional claims could be addressed in state proceedings, and no extraordinary circumstances warranted federal intervention).

Here, petitioner is in custody awaiting the completion of state civil commitment proceedings that will determine whether he will be sentenced to a term of confinement under the SVPA.  Applying the principles discussed in Middlesex, the Court finds Younger abstention is applicable to the proceedings pending against petitioner: the proceedings are judicial in nature,[2] they involve important state interests concerning the state's regulation of

---

[2] The superior court presides over commitment proceedings, and individuals facing commitment are entitled to a jury trial and the appointment of counsel.  See WIC §§ 6601, 6603.

2

sexually violent offenders, and they afford petitioner an opportunity to raise his constitutional claims.  Moreover, petitioner has made no showing that extraordinary circumstances exist that would require federal intervention.  See Younger, 401 U.S. at 46 (holding extraordinary circumstances exist when there is danger of great and immediate irreparable loss; holding cost, anxiety and inconvenience of defending against good-faith criminal prosecution not extraordinary circumstance requiring federal intervention); see also Carden, 626 F.2d at 84 (holding federal intervention appropriate only under "special circumstances" such as proven harassment, bad faith prosecution, or other extraordinary circumstances resulting in irreparable injury).

Accordingly, the petition is hereby DISMISSED.  The dismissal is without prejudice to petitioner's filing a new federal habeas petition once his state civil commitment proceedings are completed and he has exhausted state court remedies concerning all claims he wishes to raise in federal court.

In light of petitioner's lack of funds, the application to proceed in forma pauperis is hereby GRANTED.[3]

//

//

//

---

[3] On August 8, 2007, the same date that petitioner filed his application to proceed in forma pauperis, the Court notified petitioner that his application was deficient because it did not include a "Certificate of Funds in Prisoner's Account," completed and signed by an authorized officer at the prison, and a copy of petitioner's prisoner trust account statement showing transactions for the last six months.  In said notice, petitioner was advised that his failure to pay the filing fee or, alternatively, to file a completed in forma pauperis application, within thirty days, would result in dismissal of his action.  On August 28, 2007, petitioner responded to the notice by asserting that, because he is an involuntary civil detainee, he is not required to provide the requested documentation.  Petitioner is correct that in the Ninth Circuit the financial reporting and fee installment requirements imposed by the Prisoner Litigation Reform Act, see 28 U.S.C. §§ 1915(a)(2),(b), apply only to "prisoners," i.e., individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses.  Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000).  Individuals with civil commitments pursuant to the SVPA are not "prisoners" within the meaning of 28 U.S.C. § 1915.  Id.  Accordingly, because petitioner is detained under the SVPA, he is not required to file additional documents in support of his in forma pauperis application.

3

This order terminates Docket No. 3.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: November 29, 2007

_____
MAXINE M. CHESNEY
United States District Judge