IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO MOUZON, | No. C 07-4070 MMC (PR) |
| Petitioner, | **ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY** |
| v. | |
| BEN MCLAIN, Executive Director, | |
| Respondent. | **(Docket No. 8)** |

On August 8, 2007, petitioner, a civil detainee confined at Coalinga State Hospital and awaiting civil commitment proceedings, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On November 29, 2007, the Court dismissed the petition on abstention grounds under the rationale of Younger v. Harris, 401 U.S. 37, 43-46 (1971) (holding federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances), and Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (finding policies underlying Younger abstention fully applicable to noncriminal judicial proceedings when important state interests involved and state proceedings afford adequate opportunity to raise constitutional claims). The dismissal

---

[1] Petitioner filed his petition on a form for petitions brought pursuant to 28 U.S.C. § 2254, which statute provides habeas corpus jurisdiction over persons held in custody pursuant to the judgment of a state court. See 28 U.S.C. § 2254(a). On August 28, 2007, petitioner filed additional facts and argument in support of the petition; in such additional filing he makes clear that because he is not in custody pursuant to a state court judgment, he is bringing his petition under 28 U.S.C. § 2241(c)(3), which provides habeas corpus jurisdiction over any person held in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2241(c)(3).

was without prejudice to petitioner's filing a new federal habeas petition once his state civil commitment proceedings are completed and he has exhausted state court remedies concerning all claims he wishes to raise in federal court.

On December 12, 2007, petitioner filed a notice of appeal, which the Court construes as including a request for a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997). It is an open question in the Ninth Circuit whether a state pretrial detainee who files a habeas petition under § 2241 must obtain a COA in order to appeal. See McNeely v. Blanas, 336 F.3d 822, 832 n.10 (9th Cir 2003). However, other circuits have held that such petitioners must obtain a COA. See id. Assuming a COA is required in this case, petitioner's request for a COA will be denied. Petitioner has not demonstrated that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Accordingly, the request for a certificate of appealability is hereby DENIED.

The Clerk shall forward this order, along with the case file, to the United States Court of Appeals for the Ninth Circuit, from which petitioner also may seek a COA. See Asrar, 116 F.3d at 1270.

This order terminates Docket No. 8.

IT IS SO ORDERED.

DATED: January 2, 2008

_____
MAXINE M. CHESNEY
United States District Judge